UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MITCHELL BRATHWAITE,

                Plaintiff(,

-against-

JOHN GUERRI worked @ 10am DMC 161 Bx 102 July 2019; STROTH (Judge),

                Defendants.

1:23-CV-1363 (LTS)

ORDER TO AMEND

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Mitchell Brathwaite, who is appearing *pro se*, filed this action invoking the court's federal question jurisdiction. He sues: (1) "John Guerri worked @ 10am DMC 161 Bx 102 July 2019" ("Guerri"), and (2) Leslie A. Stroth, Acting Justice of the New York Supreme Court, New York County, and also a Judge of both the Criminal and Civil Courts of the City of New York. Plaintiff lists, in the section of his complaint in which he is supposed to explain the federal legal bases for his claims, what appear to be many statutes and regulations, without any explanation. (*See* ECF 2, at 2.) In the relief section of his complaint, he states that he seeks as relief "punitive, physical, hospital cost, clothing lost, optom[e]try, neurology, therapy, [and] speech therapy [sic]." (*Id.* at 6.) The Court construes Plaintiff's complaint as asserting claims of federal constitutional violations under 42 U.S.C. § 1983, as well as claims under state law.

    By order dated February 21, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

### STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

Plaintiff alleges that the events that are the bases for his claims occurred in the Bronx, New York, on many dates between 2019 and 2023. He specifies that the following alleged events occurred, however, on July 2, 2019: Plaintiff visited a "Deli Store" to get coffee. Store employees, however, chased him around the store with knives. Plaintiff then telephoned for the police; the telephone operator asked where he was. Plaintiff told the operator where he was, but that he also had clothes being cleaned at a laundromat. The operator told Plaintiff to return to the laundromat, which Plaintiff did. An unidentified New York City police officer then came to the laundromat and asked Plaintiff what had happened. The police officer then pushed Plaintiff, pulled out his weapon, and instructed Plaintiff to get onto the ground. The police officer then "put the weapon to [Plaintiff's] ribs" and stated that he would shoot Plaintiff if he did not comply. (ECF 2, at 5.) As Plaintiff began to comply, the police officer "kicked [Plaintiff's] feet from under [him,] caus[ing] a [traumatic brain injury] to [Plaintiff's] skull" and blinding Plaintiff's left eye. (*Id.*) The police officer then slammed Plaintiff's head against the roof of the officer's vehicle. Plaintiff was taken to Lincoln Hospital for treatment. At that hospital, Plaintiff had received only half of the medication that he was supposed to receive when the police officer "kidnap[p]ed" him and placed him in a holding cell at another location. (*Id.* at 5-6.) Plaintiff alleges that, in addition to suffering a traumatic brain injury and blindness in his left eye, he also suffers from seizures that he experiences four times per day.

**DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that each of the individuals named as a defendant in his complaint was directly and personally involved in an alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants

3

in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official. . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not identify the police officer who, on or about July 2, 2019, allegedly assaulted him, took him into custody, and apparently placed him into a holding cell before he could be fully treated at Lincoln Hospital. Rather, he names Guerri and Judge Stroth as defendants in the caption of his complaint, but does not allege any facts about those defendants or any facts showing how those defendants violated his federal constitutional rights. In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint in which he identifies the unnamed police officer, names him as a defendant (with, if possible, the police officer's badge number),[1] and alleges facts showing how each of the individuals named as defendants in his amended complaint were directly and personally involved in the alleged violations of his constitutional rights.[2]

---

[1] If Guerri is the unidentified police officer to whom Plaintiff refers in his complaint, Plaintiff must state that clearly in his amended complaint.

[2] In New York, there is a three-year limitation period for claims brought under Section 1983. *Owens v. Okure*, 488 U.S. 235 (1989). "A claim for excessive force [under Section 1983] accrues when the excessive force was used." *Sher v. City of New York*, No. 21-CV-1339, 2022 WL 1294395, at *3 (S.D.N.Y. Apr. 29, 2022) (citing *Murphy v. Lynn*, 53 F.3d 547, 548 n.1 (2d Cir. 1995)). A claim of denial of medical care under Section 1983 accrues on the date of the denial of medical care. *See Outerbridge v. Tobon*, No. 11-CV-3843, 2012 WL 2553497, at *3 (S.D.N.Y. July 3, 2012), *report & recommendation adopted*, 2012 WL 2952931 (S.D.N.Y. July

4

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court for Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under 42 U.S.C. § 1983, the Court grants Plaintiff 60 days' leave to amend his complaint.

The Court grants Plaintiff leave to amend his complaint to provide more facts about his claims. First, Plaintiff must name as the defendant(s) in the caption[3] and in the statement of

---

19, 2012). Because the failure to file an action within the limitation period is an affirmative defense, Fed. R. Civ. P. 8(c)(1), a plaintiff is generally not required to plead that the action is timely filed, *see Abbas v Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). *Sua sponte* dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China*, Ltd., 651 F.3d 280, 293 (2d Cir. 2011).

To the extent that Plaintiff asserts claims of excessive force or failure to provide medical treatment under Section 1983, arising from the unidentified police officer's actions or inaction on or about July 2, 2019, the applicable limitation periods for those claims expired three years later, on or about July 2, 2022. Plaintiff did not file his complaint commencing this action until February 13, 2023, well after the limitation periods for those claims expired. Thus, Plaintiff should also include facts in his amended complaint showing why those claims are timely or why the applicable limitation periods should be tolled under state law. *See Abbas*, 480 F.3d at 640, 642 (*sua sponte* dismissal of *pro se* action for untimeliness prohibited without giving the plaintiff notice and an opportunity to be heard; listing reasons why Section 1983 limitation period would be equitably tolled under New York law).

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all

claim those individuals who were directly and personally involved in the deprivations of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4] The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the three-year statute of limitations period governing this action, and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. If Plaintiff has an address (and, if appropriate, badge number) for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

---

defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] For example, a defendant may be identified as: "Police Officer John Doe #1 on duty August 31, 2022, at the 999th Precinct, during the 7 a.m. to 3 p.m. shift."

    c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is operated by a private organization; it is not part of, nor operated by, the court. It cannot accept filings on behalf of the court, which must still be filed by a *pro se* party through the court's Pro Se Intake Unit. A copy of a flyer with details about the NYLAG clinic is attached to this order.

## CONCLUSION

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to the court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "amended complaint," and label the document with docket number 1:23-CV-1363 (LTS). An amended complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss Plaintiff's claims under federal law for failure to state a claim upon which

relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and will decline to consider, under the Court's supplemental jurisdiction, Plaintiff's claims under state law, *see* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

A NYLAG flyer is attached to this order.

SO ORDERED.

Dated:  April 17, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge